UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT CHATTANOOGA

| | |
|---|---|
| HEATHER C. BURNETTE, | ) |
| | ) |
|     *Plaintiff*, | ) |
| | ) |
| v. | )    No. 1:19-cv-00286-TRM-SKL |
| | ) |
| JACKIE D. PENDERGRASS, JR., | ) |
| | ) |
|     *Defendant*. | ) |

## REPORT AND RECOMMENDATION

Before the Court is Defendant Jackie Pendergrass, Jr.'s application to proceed *in forma pauperis* ("IFP Application") filed on October 9, 2019 [Doc. 4]. This action was originally filed by Plaintiff Heather Burnette in the Juvenile Court of Hamilton County, as a petition for contempt related to Defendant Jackie Pendergrass, Jr.'s alleged failure to pay child support. Defendant removed the action to this Court on September 27, 2019, claiming his right to due process and other constitutional rights have been violated in the child support proceeding. He asserts these federal constitutional violations provide a basis for removal.

Federal courts are courts of limited jurisdiction. When presented with a case, federal courts "presume" they lack jurisdiction until the party asserting jurisdiction demonstrates otherwise. *Renne v. Geary*, 501 U.S. 312, 316 (1991) (citing *Bender v. Williamsport Area School Dist.*, 475 U.S. 534, 546 (1986)). Further, if at any time the Court determines it lacks subject matter jurisdiction, the Court "must dismiss the action." Fed. R. Civ. P. 12(h)(3). Similarly, when dealing with a removal action, the Court is instructed: "If at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded." 28 U.S.C. § 1447(c).

Plaintiff's petition for contempt related to child support does not set forth any federal causes of action. *See* Doc. 1-1. Here, Defendant is attempting to assert federal counterclaims to the petition. However, it is "well settled that federal counterclaims and defenses are 'inadequate to confer federal jurisdiction,'" and they do not "establish an objectively reasonable basis for removal." *Chase Manhattan Mortg. Corp. v. Smith*, 507 F.3d 910, 914-15 (6th Cir. 2007) (citations omitted). Defendant has not otherwise established "arising under" jurisdiction to permit removal based on a federal question.

Defendant also cites 28 U.S.C. § 1443(1) as a basis for removal. "[F]or § 1443(1) to apply, there must be a right denied that arises under a federal law that 'provides for specific civil rights stated in terms of racial equality.'" *Anderson Lumber Co., Inc. v. Kinney*, No. 3:15-CV-324-TAV-HBG, 2016 WL 407207, at *2 (E.D. Tenn. Feb. 2, 2016) (quoting *Tenn. Dept. of Children's Servs. v. Winesburgh*, 614 F. App'x 277, 280 (6th Cir. 2015) (emphasis omitted)). Defendant does not allege a race-based civil rights claim; as a result, this statute does not provide a basis for removal either.

For these reasons, I **FIND** Defendant has failed to establish federal jurisdiction over Plaintiff's child support petition. I **RECOMMEND**[1] this matter be remanded back to the Juvenile Court for Hamilton County, and this federal case be closed. I further **RECOMMEND**

---

[1] Any objections to this report and recommendation must be served and filed within fourteen (14) days after service of a copy of this recommended disposition on the objecting party. Such objections must conform to the requirements of Rule 72(b) of the Federal Rules of Civil Procedure. Failure to file objections within the time specified waives the right to appeal the district court's order. *Thomas v. Arn*, 474 U.S. 140, 149 n.7 (1985). The district court need not provide *de novo* review where objections to this report and recommendation are frivolous, conclusive and general. *Mira v. Marshall*, 806 F.2d 636, 637 (6th Cir. 1986). Only specific objections are reserved for appellate review. *Smith v. Detroit Fed'n of Teachers*, 829 F.2d 1370, 1373 (6th Cir. 1987).

Defendant's IFP Application [Doc. 4] be **DENIED AS MOOT**.

**ENTER**:

s/ *Susan K. Lee*
SUSAN K. LEE
UNITED STATES MAGISTRATE JUDGE

3